1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI M. PAGE, | Case No.  1:20-cv-00917-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 12) |
| v. | |
| CDCR MEDICAL, *et al.*, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE (ECF No. 8) |
| Defendants. | |
| | **THIRTY (30) DAY DEADLINE** |

## I.    Introduction

Plaintiff Patti M. Page ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2020, the Court issued a screening order granting Plaintiff leave to file a first amended complaint within thirty (30) days.  (ECF No. 8.)  The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (Id. at 9.)

///

1

On September 23, 2020, Plaintiff filed a motion to appoint counsel.  (ECF No. 12.)  Plaintiff has not otherwise communicated with the Court, and the deadline for Plaintiff to file a first amended complaint or a notice of voluntary dismissal has expired.

**II.      Motion to Appoint Counsel**

In her motion for counsel, Plaintiff requests help in finding legal representation to help her with this case.  (ECF No. 12.)  Plaintiff states that she is unable to find representation herself due to her housing, having not finished high school, and not having money.  Plaintiff also requests the dates on which the Court sees civil rights cases.  (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily.  Many of these prisoners also have limited education and funds.  These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint was screened and found not to state any cognizable claims.  As Plaintiff has failed to file an amended complaint, the Court

cannot find that Plaintiff has shown a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

As to Plaintiff's request for the dates on which the Court sees civil rights cases, Plaintiff is informed that the Court does not regularly hold court dates for civil rights cases.  Unless the Court orders otherwise, all motions in cases where one party is incarcerated and proceeding *pro se* are submitted on the record without oral argument.  See Local Rule 230(l).

**III.    Conclusion and Order**

Although the deadline for Plaintiff to file an amended complaint or notice of voluntary dismissal has expired, Plaintiff's motion to appoint counsel indicates that she remains involved in litigating this action.  In light of Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff a final opportunity to comply with the Court's August 14, 2020 screening order.

Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause in writing, within **thirty (30) days** of service of this order, why this action should not be dismissed for failure to comply with the Court's August 14, 2020 order and failure to prosecute.  Plaintiff can comply with this order to show cause by filing a first amended complaint curing the deficiencies identified by the Court in the August 14, 2020 order or filing a notice of voluntary dismissal.  **The failure to comply with this order will result in the dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated:  __**September 29, 2020**__          ___/s/ *Barbara A. McAuliffe*___
                                                           UNITED STATES MAGISTRATE JUDGE

3