1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI M. PAGE, | Case No.  1:20-cv-00917-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| CDCR MEDICAL, et al., | |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Patti M. Page ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on July 1, 2020.  The Court screened Plaintiff's complaint on August 14, 2020 and granted Plaintiff leave to amend.  When the time expired for Plaintiff to file an amended complaint and Plaintiff had not complied with the Court's order, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute and obey a court order.  Plaintiff responded to the Order to Show Cause on October 6, 2020 and filed an amended complaint.  (ECF No. 14, 15.)

### I.    Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

1  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

2  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

3  § 1915(e)(2)(B)(ii).

4      Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with

5  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

6  confined in any jail, prison, or other correctional facility until such administrative remedies as are

7  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

8  administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney

9  v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the

10  relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner,

11  532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison

12  life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

13      In rare cases where a failure to exhaust is clear from the face of the complaint, it may be

14  dismissed for failure to state a claim.  See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir.

15  2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181,

16  at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached

17  exhibits that a plaintiff did not exhaust his available administrative remedies before commencing

18  an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of

19  Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and

20  dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust

21  administrative remedies prior to filing suit).

22      **II.    Discussion**

23      In the first amended complaint, Plaintiff responded "No" to the form complaint question

24  which asked whether she had filed a grievance or appeal of all of the facts in her complaint.  She

25  further indicated that, "I have not filed an appeal because the problem has been going on for a

26  year."  The first amended complaint is signed under penalty of perjury.

27      Based on Plaintiff's own statements, there is no indication that Plaintiff pursued her

28  grievance or appeal at any administrative level.  Plaintiff is not excused from complying with

2

available administrative remedies merely because the problem is ongoing.  Thus, it appears clearly on the face of the complaint that Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with section 1997e(a).

### III.    Order and Recommendation

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __October 8, 2020__                    ___/s/ Barbara A. McAuliffe___
                                                UNITED STATES MAGISTRATE JUDGE